```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
TOMICA S. COOPER,                   :
                                    :
         Petitioner,                :   Civ. No. 14-7746 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
_____ :

APPEARANCES:
Tomica S. Cooper, # 63245050
F.M.C. Carswell
P.O. Box 27137
Ft. Worth, TX 76127
    Petitioner Pro se

HILLMAN, District Judge

   Petitioner Tomica Cooper, a prisoner confined at the Federal Medical Center in Fort Worth, Texas, files a Motion for Reconsideration of Sentence, challenging the calculation of her sentence. Specifically, she requests that the Regional Information System Administrator of the Federal Bureau of Prisons credit her 850 days of Prior Custody Time Credit.

   A. The Proper Statute

   A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary

proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485-486.

Because Petitioner is challenging the execution of her sentence by requesting Prior Custody Time Credit, her Motion for Reconsideration of Sentence is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Coady, 251 F.3d 480; Barden, 921 F.2d 476.

B. The Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

C. The Proper Venue

Moreover, the proper venue for a § 2241 proceeding is the prisoner's district of confinement. See Meyers v. Martinez, 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004)); see also Toney v. Fishman, No. 12-2108, 2014 WL 1232321 (D.N.J. Mar. 25, 2014) (collecting cases).  As noted above, Petitioner is currently incarcerated at F.M.C. Carswell in Fort Worth, Texas.  Therefore, this Court lacks jurisdiction over the

matter. 28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Hernandez Jaruffe v. Chertoff, No. 07-2253, 2007 WL 1521181 (D.N.J. May 22, 2007).

   D. The Proper Respondent

Petitioner has named as Respondent the United States of America. Petitioner is informed that, among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement — "core challenges" — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the

>     United States of America or some other remote
>     supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (citations omitted).

    Thus, the warden of the facility where Petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed. See Yi, 24 F.3d at 507.

CONCLUSION

    For the reasons set forth above, this matter will be administratively terminated for failure to satisfy the filing fee requirement and for lack of jurisdiction.  Petitioner is advised that any future § 2241 application should be filed in the district of her confinement, presently the Northern District of Texas.  Petitioner is further advised that any future § 2241 application should name the proper Respondent in accordance with 28 U.S.C. § 2242, and should include either the filing fee or a complete application for leave to proceed in forma pauperis.  The Clerk of the Court will be ordered to administratively terminate this action without prejudice.  An appropriate Order will be entered.

                                       s/ Noel L. Hillman
                                       NOEL L. HILLMAN
                                       United States District Judge

Dated: March 27, 2015
At Camden, New Jersey